KENNERLY et al., Appellant,

v.

MONTGOMERY COUNTY BOARD OF COMMISSIONERS, Appellee, et al.

[Cite as *Kennerly v. Montgomery Cty. Bd. of Commrs.*,
158 Ohio App.3d 271, 2004-Ohio-4258.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20280.

Decided Aug. 13, 2004.

David G. Roach, for appellant.

John A. Cumming, for appellee.

GRADY, Judge.

{¶ 1} Plaintiff, Sheila Kennerly, appeals from an order of the court of common pleas that granted a Civ.R. 12(C) motion for judgment on the pleadings filed by defendant Montgomery County Board of Commissioners.

{¶ 2} On July 13, 1999, Kennerly's son, Byron, was murdered by Peter Atakpu, following Atakpu's removal of a court-ordered electronic home-monitoring restraint he wore and his escape from home detention.

{¶ 3} Kennerly commenced the action underlying this appeal against the board and the manufacturer of the device on claims for relief for wrongful death and loss of consortium.

{¶ 4} The manufacturer settled and was dismissed from the action. The board, following its responsive pleadings, filed a Civ.R. 12(C) motion for judgment on the pleadings, arguing that it was entitled to judgment on grounds of immunity.

{¶ 5} The trial court granted the board's motion. Kennerly appeals.

## ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred by granting the commissioners' motion for judgment on the pleadings because no statutory immunity from liability exists when the negligence proximately causing the injury occurred on governmental property and, furthermore, because the public duty doctrine cannot provide immunity to · the commissioners as the doctrine has been superseded by the enactment of Ohio Revised Code Section 2744 et seq."

{¶ 7} Political subdivisions of the state of Ohio are immune from civil liability for damages arising from injury, death, or loss to persons caused by any act or omission of the political subdivision or its employees in connection with the performance of a governmental or proprietary function. R.C. 2744.02(A)(1).

{¶ 8} It is undisputed that the board is a political subdivision of the state. R.C. 2744.01(F). It is also undisputed that use by the board or its employees of the electronic home-monitoring requirements to which Atakpu was subject, and which he violated or disabled, constitutes a governmental function. R.C. 2744.01(C)(8).

{¶ 9} A political subdivision may nevertheless be deprived of the blanket immunity that R.C. 2744.02(A)(2) provides if any of the express exceptions of R.C. 2744.02(B) apply to the claim or claims for relief on which liability may result. Subsection (B)(4) of that section states:

{¶ 10} "Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for *injury, death, or loss* to persons or property that is caused by the negligence of the employees and *that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function,* including, but not limited to, office buildings and courthouses, *but not including* jails, places of juvenile detention, workhouses, or *any other detention facility,* as defined in section 2921.01 of the Revised Code." (Emphasis added.)

{¶ 11} "Detention facility" is defined by R.C. 2921.01(F) to include any public or private place used for confinement of a person charged with or convicted of any crime. R.C. 2929.23 provides for electronically monitored house arrest and detention of persons confined in those circumstances. Assuming that the location in which the detainee is confined is therefore a detention facility, such places are expressly excepted from the exemption from governmental liability that R.C. 2744.02(B)(4) provides. However, that issue was not the one on which the trial

court granted judgment in favor of the board in holding that R.C. 2744.02(B)(2) has no application.

{¶ 12} The other requirement imposed by R.C. 2744.02(B)(4), which the trial court found controlling on the issue of the board's immunity or lack thereof, is that the injury, death, or loss to persons or property claimed must be one that "occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function." The record does not reflect where Kennerly's son was attacked and killed by Atakpu. However, at oral argument, Kennerly stipulated that it was not in or on the grounds of a governmental building. Kennerly argues that the situs-of-the injury requirement no longer applies, according to *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543.

{¶ 13} In *Hubbard*, a young girl was sexually assaulted by a school board employee on the premises of a school. Provision of a system of public education is a governmental function. R.C. 2744.01(C)(2)(c). School districts are political subdivisions. R.C. 2744.01(F). The defendant school board argued that it was nevertheless immune under R.C. 2744.02(B)(4) because the injuries involved in the girl's sexual assault were not the result of physical defects within or on the grounds of the building. The school board argued that the additional "premises liability" requirement was within the contemplation of the General Assembly in several recent amendments to R.C. 2744.02(B)(4).

{¶ 14} The Supreme Court rejected the school board's contention. It noted that the amendments on which the board relied were parts of several "tort reform" efforts that the court had held unconstitutional in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, and *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 743 N.E.2d 901. The court therefore declined to apply the limitations that the General Assembly had enacted and declined to read them into the text of R.C. 2749.02(B)(4) as it existed without them. The court held:

{¶ 15} "[T]he exception to political-subdivision immunity in R.C. 2744.02(B)(4) applies to all cases where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function. The exception is not confined to injury resulting from physical defects or negligent use of grounds or buildings." *Hubbard*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 18.

{¶ 16} It may be that R.C. 2744.02(B)(4) makes more sense when applied as an exception to immunity with respect to claims for relief for premises liability than as an exception to immunity for all claims alleging negligence on the part of

governmental employees. After all, if its scope is that broad, what difference does it make that the employee's negligence occurred off-premises? However, we need not be occupied by that question. The issue for us is whether under R.C. 2744.02(B)(4) plaintiff Kennerly's claims for relief arising from her son's murder survive the defendant board's immunity claim.

{¶ 17} We find nothing in *Hubbard* that rejects the requirement imposed by R.C. 2744.02(B)(4) that the injury, death, or loss from which the alleged liability arises must be an injury, death, or loss "that occurs within or .on the grounds of buildings that are used in connection with the performance of a governmental function." R.C. 2744.02(B)(4). *Hubbard* merely stands for the proposition that the exception that R.C. 2744.02(B)(4) provides "is not confined to injury resulting from physical defects or negligent use of grounds or buildings." Id., 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 18.

{¶ 18} Kennerly relies on a sentence in the *Hubbard* opinion directly following the one just quoted. It states: "Since the injuries claimed by plaintiffs were caused by negligence occurring on the grounds of a building used in connection with a government function, R.C. 2744.02(B)(4) applies and the board is not immune from liability." Id. Standing alone, that passage might be read to indicate that the statutory exception to immunity turns on where the negligent act occurs. And an argument might be made that here, the defendant board's negligent act or omission that permitted Atakpu's escape occurred in such a place because installation and supervision of his electronic home monitoring took place there, at least in part.

{¶ 19} We do not read *Hubbard* to hold that application of R.C. 2744.02(B)(4) turns on where the negligent act occurred. A negligent act or omission coming within a premises-liability provision typically would occur on the premises or grounds of a public building, but a reading of R.C. 2744.02(B)(4) supports a view that the negligent act or omission itself might not have to occur in or on the grounds of a public building at all. The negligent act or omission need only be the proximate cause of the injury, death, or loss complained of. Even so, and regardless of where the negligent act takes place, neither *Hubbard* nor a plain-meaning construction of R.C. 2744.02(B)(4) permits its application to an injury, death, or loss that occurs anywhere other than within or on the grounds of a building where a governmental function from which the harm proximately resulted is performed.

{¶ 20} On this record, Kennerly's claims for relief arising from her son's death cannot fit within the R.C. 2744.02(B)(4) exception because the death did not occur within or on the grounds of a building where the governmental function took place from which the death allegedly arose. The trial court was correct when it declined to apply the R.C. 2744.02(B)(4) exception for that reason.

{¶ 21} Kennerly also cites several other appellate decisions in which immunity was denied. However, each differs significantly from the issue presented here on the facts or law on which the case was decided. We need not distinguish them further.

{¶ 22} Finally, Kennerly argues that the common-law public-duty rule announced in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, supersedes any immunity that the board enjoys pursuant to R.C. 2744.02(A)(1). That rule, while it no longer applies to claims against the state, "remains viable as applied to actions brought against political subdivisions pursuant to R.C. Chapter 2744." *Yates v. Mansfield Bd. of Edn.*, 102 Ohio St.3d 205, 2004-Ohio-2491, 808 N.E.2d 861, fn. 2.

{¶ 23} Under the public-duty rule, a public official or political subdivision may be liable for a breach of a duty if it is a special duty imposed by law. A duty is a special duty if it involves (1) an assumption of an affirmative duty by a political subdivision, (2) knowledge on the part of the political subdivision or its agents that inaction could cause harm, (3) a direct contact between the political subdivision's agents and the plaintiff, and (4) the plaintiff's justifiable reliance on the political subdivision's affirmative undertaking. *Sawicki*, 37 Ohio St.3d at 232, 525 N.E.2d 468.

{¶ 24} Here, the tragic death of Kennerly's son resulted from an act of violence committed by Atakpu. There was no direct contact between Kennerly or her son and the board's agents from which that arose. Neither had Kennerly's son specifically relied on the board's proper performance of its duties. No special duty existed, therefore, and the public-duty rule cannot apply.

{¶ 25} The assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.