**KELLER et al., Appellants,**

v.

**FOSTER WHEEL ENERGY CORP. et al., Appellees.**

[Cite as *Keller v. Foster Wheel Energy Corp.,* 163 Ohio App.3d 325, 2005-Ohio-4821.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–951.

Decided Sept. 15, 2005.

Young, Reverman & Mazzei Co., L.P.A., Richard E. Reverman, and Kelly W. Thye, for appellants.

Richard C. Pfeiffer Jr., Columbus City Attorney, and David E. Peterson, and Jeffrey S. Furbee, Assistant City Attorneys, for appellees.

---

KLATT, Judge.

{¶ 1} Plaintiff-appellant, Jerome Keller, on behalf of himself and the estate of Merelle Keller, appeals the judgment of the Franklin County Court of Common Pleas that dismissed his action against defendant-appellee, the city of Columbus. For the following reasons, we affirm.

{¶ 2} From 1966 to 2000, the city employed appellant as a firefighter. While he was a firefighter, appellant worked directly with and nearby products containing asbestos. Allegedly, asbestos fibers from these products adhered to appellant's work clothing. When appellant wore that clothing home, he exposed Merelle, his wife, to asbestos. Appellant claims that due to this exposure, Merelle contracted an asbestos-related lung cancer, which caused protracted illness and, ultimately, Merelle's death.

{¶ 3} On May 12, 2003, appellant brought suit against a number of manufacturers of asbestos-containing products, as well as the city and another of his previous employers. In this complaint, appellant alleged that the city was negligent because it knew or should have known that the asbestos used in the firehouses in which appellant worked was hazardous to appellant and his wife, but nevertheless failed to warn them of the hazard and continued to expose them to asbestos. Appellant claimed that as a result of the city's negligence, his wife fell ill and died, and, thus, her estate is entitled to damages for her medical bills, lost earning capacity and wages, mental and physical pain, and death. Additionally, appellant alleged that through the city's wrongful actions, he lost the services, companionship, society, and relationship of his wife, and, thus, he is due damages for loss of consortium.

{¶ 4} On July 22, 2003, the city filed a Civ.R. 12(B)(6) motion to dismiss, in which it asserted its immunity as a political subdivision. In response to the city's motion, appellant argued that the city was liable because former R.C. 2744.02(B)(4), one of the five exceptions to sovereign immunity, applied to his claims. The trial court disagreed with appellant's argument, finding in its decision that the city was immune under R.C. 2744.02(A) and that none of the R.C. 2744.02(B) exceptions vitiated this immunity.

{¶ 5} On March 12, 2004, the trial court issued a judgment entry dismissing appellant's claims against the city. On August 24, 2004, the trial court deemed its

earlier entry a final judgment because there was no just cause for delay. Appellant then appealed to this court.

{¶ 6} On appeal, appellant assigns the following errors:

[1.] The trial court erred when it dismissed Plaintiffs–Appellant's complaint on the grounds that Defendant–Appellee was immune from suit pursuant to R.C. § 2744.02(A)(1), especially in light of the Court of Appeals decision in *Frederick v. Vinton Cty. Bd. of Edu.*, (Feb. 5, 2004), Vinton App. No. 03CA579, unreported (2004 WL 232129).

[2.] The trial court failed to address Plaintiffs–Appellants['] claim for loss of consortium against the City.

{¶ 7} By his first assignment of error, appellant argues that the trial court erred in granting the city's motion to dismiss because sovereign immunity does not bar his claims against the city. We disagree.

{¶ 8} Appellate review of a judgment granting a Civ.R. 12(B)(6) motion to dismiss is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, at ¶ 5. When reviewing such a judgment, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, at ¶ 11. For a defendant to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, at ¶ 5; *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 538, 706 N.E.2d 323, quoting *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182.

{¶ 9} The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires courts to employ a three-tiered analysis to determine whether a political subdivision is immune from liability for tort claims. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, at ¶ 7; *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. First, pursuant to R.C. 2744.02(A)(1), a court must initially find political subdivisions immune from liability incurred in performing either a governmental or proprietary function. Id. However, the immunity afforded by R.C. 2744.02(A)(1) is not absolute, but rather, it is subject to the five exceptions contained in R.C. 2744.02(B). Id. Accordingly, the second tier of the analysis requires a court to determine whether any of these exceptions apply. *Colbert*, supra, at ¶ 8; *Cater*, supra, 83 Ohio St.3d at 28, 697 N.E.2d 610. If the court answers affirmatively, then it must move to the third tier: determining whether any of the R.C. 2744.03 defenses against

liability require the court to reinstate immunity.  *Colbert,* supra, at ¶ 9;  *Cater,* supra, 83 Ohio St.3d at 28, 697 N.E.2d 610.

{¶ 10} In the case at bar, appellant does not dispute that the trial court properly negotiated the first tier of the analysis.  The trial court found that when the city allegedly incurred liability for appellant's damages, it was performing a governmental function, i.e., providing fire services.  R.C. 2744.01(C)(2)(a) ("A 'governmental function' includes, but is not limited to, * * * [t]he provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection.").  Therefore, the trial court held, and we agree, that the city is immune from appellant's tort claims under R.C. 2744.02(A)(1).

{¶ 11} Appellant, however, argues that the trial court erred in not stripping this immunity from the city pursuant to former R.C. 2744.02(B)(4),[1] which states:

> [P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *.

Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 462.  Appellant maintains that this provision applies when a political subdivision's negligent act or omission occurs on public grounds.  Because the city's alleged negligence—exposing appellant to asbestos—occurred in a city firehouse, appellant asserts that former R.C. 2744.02(B)(4) prevents the city from asserting immunity.  On the other hand, the city argues that a political subdivision is liable for its tortious conduct under former R.C. 2744.02(B)(4) only when a plaintiff's *injury,* not the political subdivision's negligence, occurs on public grounds.  Because Merelle's injury occurred in her home, the city maintains that R.C. 2744.02(B)(4) does not apply here.

{¶ 12} The Supreme Court of Ohio construed former R.C. 2744.02(B)(4) in *Hubbard v. Canton City School Bd. of Edn.,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, in which the court considered whether the exception was confined to injury resulting from physical defects or negligent use of public grounds.  In concluding that former R.C. 2744.02(B)(4) was not so confined, the court held, "R.C. 2744.02(B)(4) applies to all cases where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in connection with the performance of a

---

1.  R.C. 2744.02(B)(4) was amended by Am.Sub.S.B. No. 106, effective April 9, 2003, to also include the requirement that the "injury, death, or loss" be "due to physical defects within or on the grounds of * * * buildings that are used in connection with the performance of a governmental function."  Appellant, however, bases his arguments upon the previous version of R.C. 2744.02(B)(4), which apparently was in effect when his cause of action accrued.  Accordingly, this opinion, too, construes the previous version of R.C. 2744.02(B)(4).  Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 462.

governmental function." Id., syllabus. Thus, R.C. 2744.02(B)(4) requires that the injury, not the negligent act or omission, occur within or on public grounds. *Sherwin Williams Co. v. Dayton Freight Lines,* 161 Ohio App.3d 444, 2005-Ohio-2773, 830 N.E.2d 1208, at ¶ 25; *Kennerly v. Montgomery Cty. Bd. of Commrs.,* 158 Ohio App.3d 271, 2004-Ohio-4258, 814 N.E.2d 1252, at ¶ 20.

{¶ 13} Appellant, however, supports his reading of former R.C. 2744.02(B)(4) by relying upon the following sentence from the *Hubbard* decision:

The plain language of [R.C. 2744.02(B)(4) ] supports the conclusion that the General Assembly intended to permit political subdivisions to be sued in all cases where injury results from the negligence of their employees occurring within or on the grounds of any government building.

Id. at ¶ 13. Although read alone this sentence indicates that the negligence must occur on public grounds, both the syllabus and concluding paragraph of the *Hubbard* decision indicate that the Supreme Court of Ohio interpreted former R.C. 2744.02(B)(4) to require the injury to occur on public grounds. *Sherwin Williams Co.,* supra, at ¶ 32–33; *Kennerly,* supra, at ¶ 18–19.

{¶ 14} Further, our own review of former R.C. 2744.02(B)(4) reveals that it requires the injury, not the negligent act or omission, to occur on public grounds. In determining the meaning of statutory language, a court must read words and phrases in context and apply the rules of grammar and common usage. R.C. 1.42. According to the rules of grammar, dependent clauses must modify some part of the main clause. *Bryan Chamber of Commerce v. Bd. of Tax Appeals* (1966), 5 Ohio App.2d 195, 200, 34 O.O.2d 351, 214 N.E.2d 812. See, also, *Independent Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, quoting *Carter v. Youngstown* (1946), 146 Ohio St. 203, 209, 32 O.O. 184, 65 N.E.2d 63 ("[R]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent."). Here, former R.C. 2744.02(B)(4) contains two adjective dependent clauses modifying the nouns "injury, death, or loss" contained in the main clause. *Sherwin Williams Co.,* supra, at ¶ 25. No rule of grammar or common usage supports appellant's contention that one dependent clause ("that occurs within or on the grounds of [public] buildings") modifies another dependant clause ("that is caused by the negligence of their employees"). Thus, according to the plain meaning of former R.C. 2744.02(B)(4), a political subdivision is liable only for "injury, death, or loss" if it (1) "is caused by the negligence of their employees" and (2) "occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function."

{¶ 15} Moreover, this conclusion is not altered by *Frederick v. Vinton Cty. Bd. of Edn.,* Vinton App. No. 03CA579, 2004-Ohio-550, 2004 WL 232129. In *Frederick,* the plaintiff asserted negligence claims against the county board of education

and local school district after his daughter fell on her school playground and died. The defendants claimed that they were immune from liability based upon R.C. 2744.02(A)(1), requiring the court to conduct the three-tiered immunity analysis. In addressing the second tier, the court held, "Because [the plaintiff] alleged negligence by the School's employees that occurred on the grounds of the School's building, the R.C. 2744.02(B)(4) exception to immunity applies * * *." Id. at ¶ 34. Although the Fourth District Court of Appeals focused upon the location of the negligence, not the injury, in reaching its holding, we do not find the court's reasoning dispositive here. As both the school's negligence and the daughter's injury occurred on school grounds, the court was not presented with and did not address the issue now before this court.

{¶ 16} Finally, we do not accept appellant's invitation to "stretch" the language of former R.C. 2744.02(B)(4) so that it applies to his claim. When the language of a statute is clear and unambiguous, it is the duty of a court to enforce the statute as written, neither making additions to nor subtractions from the statutory language. *Hubbard,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14. As we explained above, former R.C. 2744.02(B)(4) requires the injury to occur on public grounds, and we cannot ignore the language of the statute no matter how meritorious appellant's negligence claim may be.

{¶ 17} In the case at bar, the complaint alleges that Merelle's injury occurred in her home, not on public grounds. Accordingly, former R.C. 2744.02(B)(4) does not apply here, and we must overrule appellant's first assignment of error.

■ {¶ 18} By appellant's second assignment of error, he argues that the trial court erred by not addressing his claim for loss of consortium.

{¶ 19} Appellant is correct that the trial court failed to specifically discuss appellant's loss of consortium claim before granting the city's motion to dismiss in its entirety. However, any error resulting from this failure is moot. Generally, a loss of consortium claim is a derivative claim dependent upon the existence of a primary claim, and it can be maintained only so long as the primary claim continues. *Martinez v. Yoho's Fast Food Equip.,* Franklin App. No. 02AP–79, 2002-Ohio-6756, 2002 WL 31752047, at ¶ 27, quoting *Messmore v. Monarch Mach. Tool Co.* (1983), 11 Ohio App.3d 67, 68–69, 11 OBR 117, 463 N.E.2d 108. Because a derivative claim cannot afford greater relief than that relief permitted under a primary claim, a derivative claim fails when the primary claim fails. Id. Therefore, when the trial court dismissed appellant's negligence claim, it necessarily had to dismiss his loss of consortium claim as well. Accordingly, we conclude that the trial court properly dismissed all appellant's claims, and we overrule appellant's second assignment of error.

{¶ 20} As a final matter, we must address the city's "Motion to Strike and/or Disregard Portion of Plaintiff–Appellant's Reply Brief." In this motion, the city argues that we should strike and disregard all mention of a 1985 article from the American Journal of Public Health that appellant attached to his reply brief. Appellant responds that the article rebuts the city's contention that his negligence claim is baseless.

{¶ 21} Appellate courts cannot consider any evidence that was not properly certified as part of the trial court's original record. *In re Estate of Taris,* Franklin App. No. 04AP–1264, 2005-Ohio-1516, 2005 WL 736627, at ¶ 24. Here, the trial court's record does not include the disputed article. Therefore, we strike the article from our record and forego consideration of all portions of the reply brief discussing the article.

{¶ 22} For the foregoing reasons, we overrule appellant's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas. Further, we grant the city's motion to strike.

Judgment affirmed.

BRYANT and BOWMAN, JJ., concur.

BOWMAN, J., retired, of the Tenth District Court of Appeals, sitting by assignment.