OPINION
{¶ 1} The plaintiff-appellant, Earl H. Bilow ("Bilow"), appeals the judgment of the Henry County Common Pleas Court denying his motion for partial summary judgment and granting the motion for summary judgment filed on behalf of the defendant-appellee, Wayne Mutual Insurance Company ("Wayne Mutual").
 {¶ 2} Our recitation of the facts is based on the parties' stipulations, which were filed on March 9, 2005. On June 15, 2003, Bilow's eight year old granddaughter was killed in an automobile accident in Henry County. The accident and the child's death were caused by the negligence of Dolores L. Kiger, an underinsured motorist. On the date of the accident, Bilow had in effect a personal automobile insurance policy with Wayne Mutual, which included uninsured/underinsured motorist coverage in the amount of $250,000.00 per person. Bilow filed a claim with Wayne Mutual seeking coverage for the emotional damages he suffered as a result of his granddaughter's death. Wayne Mutual denied Bilow's claim, and this litigation resulted.
 {¶ 3} In his complaint, Bilow sought declaratory judgment, compensatory judgment for breach of contract, and compensatory and punitive damages for bad faith. The parties stipulated that Bilow suffered damages as the result of his granddaughter's death, but they have not agreed on an amount. Bilow filed a motion for partial summary judgment, and Wayne Mutual filed a motion for summary judgment. Bilow responded to Wayne Mutual's motion, and Wayne Mutual filed a late reply with leave of court. On September 19, 2005, the trial court filed its judgment entry denying Bilow's motion and granting summary judgment in favor of Wayne Mutual. Bilow appeals from the trial court's judgment and asserts the following assignments of error:
The trial court erred in granting summary judgment to WayneMutual Insurance Company on the basis of distinguishing (becauseof a comma). [sic] [t]he policy language from the language of[sic] the Ohio Supreme Court found ambiguous in Moore v. [sic]State Auto. Mut. Ins. Co. (2000), 88 Ohio St. 3d 27, 31. * * *
 The trial court erred in failing to grant Earl H. Bilowsummary judgment as the policy language in the Wayne Mutualpolicy was ambiguous as that found to be ambiguous in Moore v.State Auto. Mut. Ins. Co. (2000), 88 Ohio St. 3d 27, 31 and infailing to apply King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208. [sic].
 {¶ 4} A trial court's grant of summary judgment is reviewed de novo on appeal. Lorain Nat'l Bank v. Saratoga Apts. (9th Dist. 1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Therefore, summary judgment will be affirmed only when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).
 {¶ 5} The moving party may file its motion for summary judgment "with or without supporting affidavits[.]" Civ.R. 56(A). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,526 N.E.2d 798, syllabus. Once the moving party demonstrates it is entitled to summary judgment, the burden shifts to the non-moving party to show why summary judgment is inappropriate. See Civ.R. 56(E). If the non-movant fails to respond, or fails to support its response with evidence of the kind required by Civ.R. 56(C), the court may enter summary judgment in favor of the moving party. Id. Otherwise, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-movant. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 360, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 6} In this case, the relevant policy language states, "[w]e will pay damages which a covered person is legally entitled to recover from an uninsured motorist because of bodily injury sustained by a covered person and caused by a motor vehicle accident." Compl., Jan. 19, 2005, at Ex. A (emphasis deleted). In his brief, Bilow acknowledges that an insurer may preclude coverage through unambiguous language; however, he contends that the policy language is ambiguous and should be strictly construed against the insurer. Bilow contends that the phrase "sustained by a covered person" is a double reference modifier that modifies both "damages" and "bodily injury". Bilow argues that the policy language is similar to the language of former R.C. 3937.18, which included a comma, and which the Ohio Supreme Court found to be ambiguous.[1] In response, Wayne Mutual contends that coverage was intended only for a covered person who sustains bodily injury, and Bilow's granddaughter was not a "covered person" as defined by the policy. Wayne Mutual argues that the last antecedent rule is the law in Ohio and must be applied, and therefore, the policy language is clear and unambiguous.
 {¶ 7} "Insurance coverage is determined by reasonably construing the insurance contract `in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed.'" Brooksv. All American Ins. Co., 3rd Dist. No. 17-02-25, 2002-Ohio-6617, at ¶ 10 (quoting Dealers Dairy Prod. Co. v.Royal Ins. Co. (1960), 170 Ohio St. 336, 164 N.E.2d 745, paragraph one of the syllabus). If the terms of the policy are clear and unambiguous, a court must enforce the contract.Cincinnati Indemn. Co. v. Martin, 85 Ohio St.3d 604,1999-Ohio-322, 710 N.E.2d 677. However, if the language is ambiguous, it "will be construed liberally in favor of the insured and strictly against the insurer." Brooks, supra at ¶ 10 (citing Faruque v. Provident Life Acc. Ins. Co. (1987),31 Ohio St.3d 34, 508 N.E.2d 949, syllabus).
 {¶ 8} "In determining the meaning of [insurance policy language], a court must read words and phrases in context and apply the rules of grammar and common usage." Keller v. FosterWheel Energy Corp., 163 Ohio App.3d 325, 2005-Ohio-4821,837 N.E.2d 859, at ¶ 14 (citing R.C. 1.42). The rules of grammar require "dependent clauses [to] modify some part of the main clause." Id. (citing Bryan Chamber of Commerce v. Bd. of TaxAppeals (1966), 5 Ohio App.2d 195, 214 N.E.2d 812). See alsoCarter v. Youngstown (1946), 146 Ohio St. 203, 209,65 N.E.2d 63 ("referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent."). An independent clause[2] "can stand alone as a sentence", while a dependent clause cannot because "it is introduced by a subordinating conjunction or relative pronoun." See OATES, LAUREL CURRIE ET AL., THE LEGAL WRITING HANDBOOK: ANALYSIS, RESEARCH, AND WRITING § 27.1.4 (3rd ed. 2002).
 {¶ 9} As quoted above, the relevant policy language states: "[w]e will pay damages which a covered person is legally entitled to recover from an uninsured motorist because of bodily injury sustained by a covered person and caused by a motor vehicle accident." Compl., at Ex. A (original emphasis deleted) (emphasis added). The word "which" is a relative pronoun, and the word "because" is a subordinating conjunction. OATES, supra at § 27.1.4. In this case, there are two dependent clauses: 1) "which a covered person is legally entitled to recover from an uninsured motorist"; and 2) "because of bodily injury sustained by a covered person and caused by a motor vehicle accident". No rule of grammar allows for a dependent clause to modify another dependent clause, and because each dependent clause must modify some part of an independent clause, we hold that each dependent clause in this case modifies the term "damages", as part of the main clause. See id.; Keller, supra at ¶ 14.
 {¶ 10} The parties make a particular issue about whether "sustained by a covered person" modifies "bodily injury", "damages", or both. We find that the phrase does not modify either term. As stated above, the phrase "because of bodily injury sustained by a covered person and caused by a motor vehicle accident", is a single dependent clause because it cannot stand alone as a sentence, despite containing a subject and two verbs. The subject noun ("injury") is modified by one adjective ("bodily"), thereby creating the term "bodily injury", which is defined in the policy. The phrase contains two verbs ("sustained" and "caused"). Each verb relates back to the subject, "injury", and each verb is followed by a prepositional phrase ("by a covered person" and "by a motor vehicle accident"). Prepositional phrases expand a basic sentence structure. OATES, supra at § 27.1.3. "By" is a preposition, and "a covered" modifies the object of the prepositional phrase, "person". Id. Likewise, in the second prepositional phrase, "by" is the preposition, and "a motor vehicle" modifies "accident". Id. Therefore, "sustained by a covered person" does not modify "bodily injury". The phrase is merely a subject-verb agreement with a prepositional phrase and is part of the larger dependent clause, which modifies "damages", as discussed above. The policy language is clear and unambiguous. Therefore, the first assignment of error is overruled, and the second assignment of error is rendered moot.
 {¶ 11} Having found no genuine issue as to any material fact, the moving party, Wayne Mutual, is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion for summary judgment is made. The trial court appropriately granted summary judgment in favor of Wayne Mutual and denied partial summary judgment to Bilow.
 {¶ 12} The judgment of the Henry County Common Pleas Court is affirmed.
Judgment Affirmed.
 Shaw and Cupp, J.J., concur.
[1] See Moore v. State Auto. Mut. Ins. Co., 88 Ohio St.3d 27,2000-Ohio-264, 723 N.E.2d 97 (superseded by Section 3, Am.S.B. No. 97, 2001 Ohio Laws 44).
[2] Also referred to as a "main clause".