JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Charles Vento appeals from a common pleas court order dismissing his complaint against defendant-appellee Strongsville Board of Education for failure to state a claim. He argues that his complaint alleges a continuing tort, so the statute of limitations did not expire before he filed the complaint. He also contends that in maintaining its property, the appellee was engaged in a proprietary function, so his claim was one for which the city could be liable under the exception to sovereign immunity set forth in R.C.2744.02(B)(2).
 {¶ 2} We review de novo the trial court's order dismissing the complaint for failure to state a claim. Barksdale v. Murtis Taylor MultiServs. Ctr., Cuyahoga App. No. 82540, 2003-Ohio-5653, ¶ 23. "Since all factual allegations in the complaint are presumed true, only legal issues are presented." Hunt v. Marksman Prods. (1995),101 Ohio App.3d 760, 762. Presuming all factual allegations of the complaint are *Page 2 
true, and making all reasonable inferences in favor of the non-moving party, we must determine whether it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief.
 {¶ 3} The complaint in this case was filed March 30, 2006. It alleged that the defendant school board owned Muraski Elementary School and the real property located at 20270 Royalton Road in Strongsville, Ohio. The complaint alleges that, "since at least April of 2002 and continually through the present," the school board "negligently, recklessly and carelessly maintained its real property * * *, causing excessive water and drainage to flow upon the real property owned by [plaintiff-appellant] ." Plaintiff-appellant further alleged that the school board had trespassed on his land and its actions constituted a nuisance. Plaintiff-appellant asserted that this conduct caused him to suffer damage to his property and to incur expenses to correct the damage. He further claimed that the school board's actions deprived him of the use of his property and diminished its value.
 {¶ 4} In its motion to dismiss, the school board argued, first, that any claim against it was barred by the statute of limitations, second, that its maintenance of school grounds was a governmental function as to which it was immune, and third, that appellant's complaint alleged an intentional tort, which was not a claim excepted from sovereign immunity. The court granted this motion without opinion, so we address all of these contentions. *Page 3 
 {¶ 5} The parties agree that the applicable statute of limitations is the two year limitations period provided by R.C. 2744.04(A), which states: "An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code." In his complaint, plaintiff claims that the school board improperly maintained its property "since at least April of 2002 and continually through the present." While this claim is time-barred in part, the allegation of continuing improper maintenance and consequent damage to plaintiff's property still allows plaintiff to pursue a claim for damages he sustained within two years of filing the complaint. See West11th Street Partnership v. Cleveland, Cuyahoga App. No. 77327, 2001-Ohio-4233; Davis v. Allen, Hamilton App. No. C-010165, C-010202, and C-010260, 2002-Ohio-193. "We hold that the bar of the applicable statute of limitations was not evident from the face of the complaint." Davis v. Allen, at p. 10. Accordingly, while the trial court could have granted the motion in part based on the statute of limitations, the court erred to the extent that it may have dismissed all of plaintiff-appellant's claims on the ground that the statute of limitations had run.
 {¶ 6} Plaintiff-appellant concedes that the school board is a political subdivision which is accorded sovereign immunity pursuant to R.C. 2744.02(A)(1). *Page 4 
R.C. 2744.02(A)(1) provides that political subdivisions such as school boards are generally immune from liability "for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The exceptions to sovereign immunity differ depending upon whether the function involved is governmental or proprietary. The only school board action which the plaintiff challenges here is the maintenance of the real property on which Muraski Elementary School is located. Therefore, it is important to discern, first, whether the maintenance of real property upon which an elementary school is located constitutes a governmental function or a proprietary one.
 {¶ 7} Among other things, "governmental functions" include "the provision of a system of public education," and the "maintenance and repair of * * * public grounds." R.C. 2744.01(C)(2)(c) and (e). Governmental functions also include "[t] he construction, reconstruction, repair, renovation, maintenance, and operation of buildings that are used in connection with the performance of a governmental function." R.C. 2744.01(C)(2)(g). In addition, "[t] he design, construction, reconstruction, renovation, repair, maintenance, and operation of any school athletic facility, school auditorium, or gymnasium or any recreational area or facility, including, but not limited to, * * * [a] park, playground, or playfield" is also a governmental function. Taken together, these "governmental functions" encompass *Page 5 
the maintenance of school grounds, regardless of how the grounds themselves are used. By contrast, "proprietary functions" are defined, in part, as functions not included in the statute's list of governmental functions. See R.C. 2744.01(G)(1).[1] Because the maintenance of school grounds is a governmental function it is, by definition, not a proprietary function.
 {¶ 8} In its brief in opposition to the school board's motion to dismiss, plaintiff relied upon the exception to immunity set forth in R.C. 2744.02(B)(2), which provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." The school board correctly points out that this exception applies only to proprietary functions, not to governmental functions like the maintenance of public grounds.
 {¶ 9} There is also an exception to sovereign immunity for negligent performance of governmental functions, but that exception applies only to "injury, death, or loss to person or property that is caused by the negligence of [a political subdivision's] employees and that occurswithin or on the grounds of, and is due to *Page 6 
physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *." R.C.2744.02(B)(4) (emphasis added). The injury to plaintiff-appellant's property did not occur "within or on the grounds of school property, but on adjacent property. Therefore, this exception does not apply to allow appellant to pursue his claim. Keller v. Foster Wheel Energy Corp.,163 Ohio App.3d 325, 329, 2005-Ohio-4821, ¶ 12; Sherwin Williams Co. v.Dayton Freight Lines, 161 Ohio App.3d 444, 2005-Ohio-2773; Kennerly v.Montgomery County Bd. of Commrs., 158 Ohio App.3d 271, 2004-Ohio-4258, T|19.
 {¶ 10} Having determined that plaintiff did not state a claim which fell within an exception to immunity under R.C. 2744.02(B), we need not consider whether the school board's immunity may be restored by R.C.2744.03. See Cater v. Cleveland (1998), 83 Ohio St.3d 24, 28; Hall v.Ft. Frye Local School Dist. (1996), 111 Ohio App.3d 690.
 {¶ 11} Plaintiff-appellant could prove no set of facts pursuant to his complaint which would have entitled him to relief. Therefore, the court correctly granted the school board's motion to dismiss for failure to state a claim.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and MELODY STEWART, J., CONCUR
[1] "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section [R.C. 2744.01] or that satisfies both of the following:
(a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;
(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons." *Page 1