[Cite as *Soler v. Cleveland Metro. School Dist.*, 2025-Ohio-2151.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

VICTOR SOLER, JR.,                              :
ADMINISTRATOR,

                                                :

      Plaintiff-Appellee,

                                                :         No. 114427

      v.

                                                :

CLEVELAND METROPOLITAN,
SCHOOL DISTRICT, ET AL.,                        :

      Defendants-Appellants.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-994872

---

### *Appearances:*

Lamonica, Coleman & Martello, Lawrence J. Roach, and
Deneen Lamonica, *for appellee.*

Taft Stettinius & Hollister LLP, Adrian D. Thompson,
Philip D. Williamson, and Jack Maib, *appellants.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Cleveland Metropolitan School District ("CMSD" or "appellant") appeals the trial court's denial of its motion to dismiss a complaint filed by plaintiff-appellee Victor Soler, Jr., administrator of the estate of Yaniel Rivera ("appellee"). For the reasons that follow, we reverse and remand.

## I. Procedural History

{¶ 2} Yaniel Rivera ("Yaniel") was an 11-year-old CMSD student who tragically passed away from a self-inflicted gunshot wound in March 2022. In March 2024, appellee filed a complaint against CMSD, John Doe Corporations, and John Doe Contractors alleging multiple claims related to Yaniel's death. The claims that are the subject of this appeal involve CMSD: Count 1 — willful and wanton misconduct; Count 4 — wrongful death; and Count 5 — survivorship.

{¶ 3} According to the complaint, the appellants issued digital devices to district students, including Yaniel. Appellee alleged that CMSD was required to have an internet safety policy that included technology protection measures to block or filter internet access to content that was obscene or otherwise harmful to minors. In addition, appellee alleged the CMSD was required to monitor the online activities of its students and provide education for minors about appropriate online behavior. The complaint alleges that Yaniel's computer was supervised and managed by CMSD allowing its employees to control, secure, and enforce its policies, but Yaniel, who was on the autism spectrum, was able to use his CMSD-issued computer to watch harmful and obscene videos. The complaint further states that the filters on

the CMSD-issued device had not been removed, damaged, or altered by any parties. Appellee alleges that the child was watching harmful content on his CMSD-issued device when he shot himself.

{¶ 4} Under Count 1 — wanton and willful misconduct — appellee alleged the following:

> CMSD knew that if inadequate technology was used to block or filter access to websites that are obscene, pornographic and/or harmful, it would cause harm to students issued CMSD digital devices.
>
> CMSD knew that failure to monitor online activities of its students that it issued digital devices to would result in harm to students of the CMSD.
>
> CMSD knew that failure to educate students about appropriate online behavior would result in harm to students with CMSD issued digital devices.
>
> CMSD's decision to not follow its own internet safety policy constitutes acting in a deliberate purpose.
>
> CMSD intentionally deviated from a clear duty and policy and purposefully engaged in wrongful acts with knowledge or appreciation of the likelihood of resulting injury.
>
> CMSD failed to exercise any care towards those to whom a duty of care is owed in circumstances in which there is a greater probability that harm will result.
>
> CMSD's acts or omissions were in bad faith, willful, wanton and reckless.
>
> CMSD's willful, wanton and reckless acts or omissions directly and proximately caused Yaniel Rivera's death.
>
> CMSD is liable for the willful and wanton misconduct of its employees.

{¶ 5} Under Count 4 — wrongful death — appellee alleged:

Decedent died as a direct and proximate result of the bad faith, willful, wanton[,] and reckless conduct of the Defendants.

As a direct and proximate result of the bad faith, willful, wanton and reckless conduct of the Defendants, Decedent's father has suffered and will continue to suffer damages for the loss of his society over his life expectancy, including the loss of companionship, care, and assistance.

As a direct and proximate result of Decedent's wrongful death, his father has suffered and will continue to suffer, damages for, mental anguish and emotional trauma.

As a direct and proximate result of Decedent's wrongful death, Decedent's father and/or estate have incurred expenses necessary for Yaniel's funeral and burial.

{¶ 6} Under Count 5 — survivorship — appellee alleged:

As a direct and proximate result of Defendants' willful, wanton and reckless conduct, Decedent suffered severe physical pain and mental anguish.

As a direct and proximate result of Defendants' willful, wanton and reckless conduct, Decedent suffered severe and conscious emotional and mental pain, and fear of impending death.

{¶ 7} CMSD filed a motion to dismiss pursuant to Civ.R. 12(b)(6), arguing that the school district was entitled to political subdivision immunity and none of the exceptions to statutory immunity apply; appellee's complaint failed to establish that any of CMSD's alleged conduct was the proximate cause of Yaniel's death; and, because appellee's principal claims failed as a matter of law, the derivative claim of survivorship also fails.

{¶ 8} Appellee filed a brief in opposition to appellants' motion to dismiss, arguing that the school district's conduct fell within exceptions to political subdivision immunity and that the parties should be afforded the opportunity to

engage in discovery to determine, as to CMSD, whether the failure of computer filters to protect students from online harm was a physical defect within the meaning of R.C. 2744.02.

{¶ 9} Appellants filed a responsive brief, arguing that appellee could not show that an alleged failure to use filtering software or a failure to supervise constituted a physical defect under R.C. 2744.02 and that appellee could not show that the school district's actions, or lack thereof, were the proximate cause of the child's death.

{¶ 10} On August 8, 2024, the court held a hearing on appellants' motion to dismiss. On September 9, 2024, the court denied appellants' motion to dismiss, finding:

> The court, considering the pleadings, cannot at this time determine that it appears beyond doubt that plaintiff[] can prove no set of facts warranting judgment in [his] favor on counts [1], [4,] and [5] of the complaint. Plaintiff has sufficiently plead its counts for willful and wanton misconduct, wrongful death and survivorship against defendant CMSD. The court cannot conclude that the pleadings obviously or conclusively establish the affirmative defense of political subdivision immunity. The plaintiff has alleged a set of facts that, if proven, would plausibly allow for recovery. Furthermore, the court does not require plaintiff to establish the proximate cause of Yaniel Rivera's death at the pleading stage. Therefore[,] defendant Cleveland Metropolitan School District's motion to dismiss is denied.

{¶ 11} Appellants filed a timely notice of appeal, raising one assignment of error:

> The trial court erred in denying Defendant-Appellant Cleveland Metropolitan School District's Motion [to] Dismiss the Complaint of Plaintiff-Appellee Victor Soler, Jr.

## II. Law and Analysis

{¶ 12} We conduct a de novo review when considering a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Fried v. Friends of Breakthrough Schools*, 2020-Ohio-4215, ¶ 15 (8th Dist.), citing *Caraballo v. Cleveland Metro. School Dist.*, 2013-Ohio-4919 (8th Dist.). Therefore, we independently review the record and afford no deference to the decision of the trial court. *Fried* at *id.*, citing *Caraballo* at *id.*

{¶ 13} "For a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief." *Fried* at ¶ 16, citing *Doe v. Archdiocese of Cincinnati*, 2006-Ohio-2625. "In reviewing a Civ.R. 12(B)(6) motion to dismiss, a court's factual review is confined to the four corners of the complaint." *Fried* at *id.*, citing *Grady v. Lenders Interactive Servs.*, 2004-Ohio-4239 (8th Dist.).

{¶ 14} Appellants' motion to dismiss was based on political subdivision immunity pursuant to R.C. Chapter 2744. "The determination of whether a political subdivision, such as [CMSD], is entitled to the affirmative defense of immunity involves a three-tier analysis." *Fried* at ¶ 17, citing *Hunt v. Cleveland*, 2016-Ohio-3176 (8th Dist.).

{¶ 15} First, R.C. 2744.02(A)(1) provides a general grant of immunity to political subdivisions: "[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in

connection with a governmental or proprietary function." To overcome this general grant to immunity, a plaintiff must show that one of the exceptions in R.C. 2744.02(B) applies. If no exception applies, the political subdivision is immune from liability. If an exception applies, the burden shifts back to the political subdivision to demonstrate that one of the defenses in R.C. 2744.03 applies.

{¶ 16} R.C. 2744.01(F) provides that a public school district qualifies as a political subdivision for purposes of R.C. Chapter 2744 immunity. *Bush v. Cleveland Mun. School Dist.*, 2013-Ohio-5420, ¶ 9. The parties do not dispute that CMSD is a "political subdivision" pursuant to R.C. 2744.02(A)(1). Therefore, we must determine whether appellee can show that an exception to immunity applies so as to withstand appellants' motion to dismiss.

{¶ 17} Appellee contends that the exception found in R.C. 2744.02(B)(4) applies. R.C. 2744.02(B)(4) provides that, except as otherwise provided in R.C. 3746.24, which governs immunity from tort actions for harm caused,

> political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

{¶ 18} Appellee alleged that Yaniel's death was caused by defective filtering software that failed to restrict student access to harmful and obscene content and by the failure of CMSD employees to properly use the filtering software.

{¶ 19} To show that the exception applies, appellee would have to show that (1) the filtering software on Yaniel's district-issued device was a "physical defect" "within or on the grounds" of CMSD and (2) that Yaniel's injury occurred within or on the school grounds.

{¶ 20} As to the first element of the exception, appellee argues that the filtering software did not act as was intended and therefore could constitute a physical defect. We disagree.

{¶ 21} The physical defect exception to immunity set forth in R.C. 2744.02(B)(4) applies "'if the instrumentality that caused [the] injury did not operate as intended due to a perceivable condition or if the instrumentality contained a perceivable imperfection that impaired its worth or utility.'" *Slane v. Hilliard*, 2016-Ohio-306, ¶ 44, quoting *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907 (5th Dist.). Here, however, appellee did not allege in his complaint that there was a physical defect in the filtering software; in fact, the complaint concedes that the filters on the child's district issued device "had not been removed, damaged, or altered by any party," which would include CMSD.

{¶ 22} While appellee argues on appeal that CMSD employees misused or failed to monitor software, he does not make those allegations in his complaint. Rather, the complaint states, under Count 1, that the school district "failed to exercise any care towards those to whom a duty of care is owed."

{¶ 23} When reviewing a motion to dismiss under Civ.R. 12(B)(6), we "'presume all factual allegations contained in the complaint to be true and must

make all reasonable inferences in favor of the plaintiff.'" *Konkel v. Ohio Parole Bd.*, 2025-Ohio-1071, ¶ 14 (10th Dist.), quoting *Bullard v. McDonald's*, 2021-Ohio-150 (10th Dist.).  That said, we need not "'accept as true any unsupported and conclusory legal propositions advanced in the complaint.'" *Konkel* at *id.*, quoting *Bullard* at *id.* While appellee now claims that the filtering software was defective, he did not plead so in his complaint.

{¶ 24} Appellee also argues that CMSD employees misused or failed to monitor the filtering software.  Again, this allegation was not pled in the complaint. Moreover, even if the complaint could be construed to support appellee's claim that CMSD employees misused or failed to monitor the filtering software, the alleged misuse of filtering software does not constitute a "physical defect" under R.C. 2744.02(B)(4).

{¶ 25} The phrase "physical defect" is not statutorily defined; therefore, we look to common usage of the words in the context of the statute as a whole to determine its meaning.  *Hamrick v. Bryan City School Dist.*, 2011-Ohio-2572, ¶ 27 (6th Dist.).  The word "physical" is defined as "having a material existence: perceptible especially through senses and subject to the laws of nature." *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/physical (accessed May 20, 2025), [https://perma.cc/T72J-LTNX].  A "defect" is "an imperfection or abnormality that impairs quality, function, or utility."  *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/defect (accessed May 20, 2025), [https://perma.cc/7VRH-BRUP].

{¶ 26} "It would seem then that a 'physical defect' is a perceivable imperfection that diminishes the worth or utility of *the object* at issue." (Emphasis added.). *Hamrick* at ¶ 28; *see also Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, ¶ 26 (relying on *Hamrick* for the same proposition). The misuse of or the failure to monitor filtering software is not in and of itself a physical defect.

{¶ 27} Appellee now alleges *on appeal* that "any filtering and monitoring had to have been or should have been done through its IT Department and/or a central location [where] CMSD's servers are located. The extraordinary volume of devices likely means that any defect in filtering, monitoring and reporting happened at a CMSD dedicated site." Thus, according to appellee, the defect occurred on school grounds. Again, this allegation was not pled in the complaint.

{¶ 28} Appellee also must show that the *injury* occurred on school grounds. Appellee did not allege in his complaint that the injury occurred on school grounds, and there is no dispute the child's death occurred at home.

{¶ 29} Even if we were to construe the complaint as appellee urges us to do, Ohio courts have routinely interpreted the phrase "within or on the grounds of the [political subdivision's] property" pursuant to the plain language of the statute. *Fried*, 2020-Ohio-4215, at ¶ 54 (8th Dist.), citing *Vento v. Strongsville Bd. of Edn.*, 2007-Ohio-4172 (8th Dist.) (exception to statutory immunity did not apply because injury to plaintiff-appellant's property occurred adjacent to school property). *See also Keller v. Foster Wheel Energy Corp.*, 2005-Ohio-4821 (10th Dist.) (finding that R.C. 2744.02(B)(4) requires the injury, not the negligent act or

omission, to occur on public grounds); *Kennerly v. Montgomery City Bd. of Commrs.*, 2004-Ohio-4258, ¶ 19 (2d Dist.) (exception did not apply because the decedent's "death did not occur in or on the grounds of a building where the governmental function took place from which the death allegedly arose").

{¶ 30} The Ohio Supreme Court has held that R.C. 2744.02(B)(4) clearly "[limits] the reach of a political subdivision's liability to injuries or losses that occur on property within the political subdivision." *Fried* at *id.*, citing *Sherwin-Williams Co. v. Dayton Freight Lines, Inc.*, 2006-Ohio-6498.

{¶ 31} In *Fried*, the decedent was enrolled as a student at EPrep School when she was abducted and murdered on her way to school; the abduction and murder occurred off school grounds. The plaintiffs alleged in their complaint that EPrep did not timely notify the decedent's parents about the child's absence from school. The plaintiffs argued that the location of the injury was not relevant because all injuries caused by employee negligence on the political subdivision's property are actionable and that the actual negligence occurred on school grounds. This court disagreed, finding that under the plain meaning of statute, R.C. 2744.02(B)(4) did not extend to a finding that the injury occurred on school ground.

{¶ 32} The plaintiffs in *Fried* also argued that the injury was due to a physical defect on school grounds: that being an allegedly malfunctioning notification system. *Id.,* 2020-Ohio-4215 (8th Dist.), at ¶ 52. This court disagreed, reasoning:

> Given how much of our society, including our public education system, increasingly relies on technology, we cannot hold that a "malfunctioning" parental notification system constitutes a physical

defect of the sort envisioned by the legislature in crafting the R.C. 2744.02(B)(4) exception. Therefore, the exception in R.C. 2744.02(B)(4) does not apply here.

*Id.* at ¶ 55.

{¶ 33} Although we are cognizant that the law often struggles to keep up with the changes in technology, here, we cannot find that the alleged defective filtering software constituted a physical defect of the sort envisioned by the legislature in drafting R.C. 2744.02(B)(4).

{¶ 34} While appellee was only required to plead facts sufficient to assert that an exception to immunity applies, he has not satisfied this requirement. "Where there is no set of facts that remove immunity, courts err in denying a motion to dismiss based on immunity." *Fried* at ¶ 49, citing *Hendrickson v. Haven Place*, 2014-Ohio-3726 (8th Dist.).

{¶ 35} Finally, appellee has not alleged that CMSD's conduct falls within any of the other exceptions enumerated in R.C. 2744.02(B).

{¶ 36} Because appellee failed to establish that an exception to the broad immunity laid out in R.C. Chapter 2744 applies, the trial court erred in denying CMSD's motion to dismiss.

{¶ 37} The sole assignment of error is sustained.

{¶ 38} Judgment is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR