[Cite as *State v. Sipperley*, 2020-Ohio-4609.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-19-053

     Appellee                                Trial Court No. 19 CR 628

v.

Rory D. Sipperley                                **DECISION AND JUDGMENT**

     Appellant                               Decided:  September 25, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Rory D. Sipperley, appeals the November 18, 2019

judgment of the Sandusky County Court of Common Pleas, convicting him of trafficking

in heroin and having weapons while under disability, and sentencing him to 96-month

and 36-month prison terms, respectively. For the following reasons, we reverse, in part, and affirm, in part, the trial court judgment.

## I. Background

{¶ 2} On July 12, 2019, Sipperley was indicted for trafficking in a fentanyl-related compound, a violation of R.C. 2925.03(A)(2)(C)(9)(e), with two accompanying specifications (Count 1); possession of a fentanyl-related compound, a violation of R.C. 2925.11(A)(C)(11)(d) (Count 2); trafficking in heroin, a violation of R.C. 2925.03(A)(2)(C)(6)(d), with two accompanying specifications (Count 3); possession of heroin, a violation of R.C. 2925.11(A)(C)(6)(c) (Count 4); two counts of possession of drugs, violations of R.C. 2925.11(A)(C)(2)(a) (Counts 5 and 6); aggravated possession of drugs, a violation of R.C. 2925.11(A)(C)(1)(a) (Count 7); and two counts of having weapons under disability, violations of R.C. 2923.13(A)(3) (Counts 8 and 9).

{¶ 3} On November 13, 2019, Sipperley entered a plea of guilty to Counts 3 and 9, in exchange for dismissal of the remaining counts and specifications of the indictment. Sipperley agreed to withdraw a pending motion to suppress. The trial court accepted Sipperley's plea, made a finding of guilty, and continued the matter for sentencing on November 15, 2019.

{¶ 4} At the sentencing hearing, the trial court imposed a 96-month prison term on Count 3 and a 36-month prison term on Count 9, to be served concurrently to one another but consecutively to a prison term that Sipperley was serving on another conviction. It also imposed a three-year period of post-release control, a total fine of $12,500, and the

2.

costs of prosecution. Cash of $1,293, firearms, computers, an Apple iPhone, and a DVR system were ordered forfeited to the Sandusky County Drug Task Force.

{¶ 5} Sipperley appealed and assigns the following errors for our review:

1. The Trial Court's sentence of Rory D. Sipperley ("Appellant") violates R.C. 2929.14(C)(4)—and is thus contrary to law—insofar as the Trial Court did not make appropriate findings of fact for Appellant to be sentenced in a consecutive manner.

2. The Trial Court's sentence of Appellant is excessive and contrary to Ohio law.

## II. Law and Analysis

{¶ 6} In his first assignment of error, Sipperley argues that his sentence is contrary to law because the trial court ordered his prison sentences to run concurrently with one another, but consecutively to a term of prison that he was already serving, without first making the findings required under R.C. 2929.14(C)(4). In his second assignment of error, he argues that his sentence is excessive and contrary to law.

{¶ 7} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

3.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

### A. Consecutive Sentences

{¶ 8} With respect to R.C. 2953.08(G)(2)(a), Sipperley challenges only the findings required for imposing consecutive sentences under R.C. 2929.14(C)(4). R.C. 2929.14(C)(4) provides, in pertinent part, as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

{¶ 9} In other words, to impose consecutive sentences, the court must find "(1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c)." *State v. Brown*, 7th Dist. Jefferson No. 15 JE 0014, 2016-Ohio-5701, ¶ 14. *See also State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028. The trial court is not required to recite the words of the statute verbatim, and it "need not give its reasons for making those findings." *Brown* at ¶ 14. *See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. But it must specify which R.C. 2929.14(C)(4) factor forms the basis for its decision to impose consecutive sentences, and it must make the required findings at the sentencing hearing and incorporate them into the sentencing judgment entry. *Bonnell* at syllabus, ¶ 26; *Brown* at ¶ 15, 19. *See also State v. Kammeyer*, 3d Dist. Seneca No. 13-19-48, 2020-Ohio-3842, ¶ 68 ("[T]he trial court must make all of the required findings both at the sentencing hearing and in its judgment entry of sentence."). If "the reviewing court can discern that the trial court engaged in the

5.

correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 28-29.

{¶ 10} The trial court made the following findings in its *judgment entry*, demonstrating that it was imposing consecutive sentences under R.C. 2929.14(C)(4)(b):

The court hereby finds that consecutive sentences in this matter is [sic] required pursuant to R.C. 2929.14(C)(4), the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offenders [sic] conduct and to the danger the offender poses to the public and *at least two of the multiple offenses were committed as part one [sic] or more courses of conduct, and harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any courses of conduct adequately reflects the seriousness of the offender's conduct.* (Emphasis added.)

{¶ 11} But at the *sentencing hearing*, pertinent to the findings necessary to impose consecutive sentences, the trial court stated only as follows:

The court: You know, this is one of the more egregious drug cases that I've had; I mean, your exposure here was, like, 39 years. * * * Large volumes, the weapons; I mean, it clearly looked like an enterprise for profit. Why with – with five children, why would you take that risk?

6.

* * *

The court: * * * I – you understand my job?

The defendant: Yeah.

The court: Attempt to protect the public from future crime and impose an appropriate, fair punishment.

* * *

[The state]: Ah, just – just to be sure, is the Court making the findings for consecutive prison terms under 2929.14(C)(4)?

The court: Yes. It's separate offenses, the seriousness of the offenses as defined in that section, 29 –

[The state]: 2929.14 –

The court: -- 2929.14(C), yeah.

{¶ 12} We can discern from the trial court's statements that it found that "consecutive service is necessary to protect the public from future crime." In addition, the trial court's desire to impose a "fair punishment" while taking into account the egregiousness and "seriousness" of the "separate offenses" can be viewed as a finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." But we are unable to fashion an interpretation of the court's words that would fairly constitute a finding under R.C. 2929.14(C)(4)(b) that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple

offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." *See Bonnell* at ¶ 33 (reviewing the trial court's imprecise language and discerning that some—but not all—of the necessary findings had been made). There is also no language from which we may conclude that it made a finding under R.C. 2929.14(C)(4)(a) or (c).

{¶ 13} The state argues that "Appellant had a lengthy criminal history, had multiple cases pending at the time of his arraignment, and was already serving a sentence on a different case at the time of his sentencing," therefore, we should find that "Appellant's criminal history supports the trial court's conclusion that consecutive sentences are necessary to protect the public from future crime and were not disproportionate to the danger that Appellant poses to the public." First, there is no information in the record from which we may conclude that Sipperley has a lengthy criminal history—the court did not say this and it did not order a presentence investigation report. Second, the state appears to conflate the findings the trial court was required to make under R.C. 2929.14(C)(4). The court was required to find that "consecutive service is necessary to protect the public from future crime or to punish the offender," *and* that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* either R.C. 2929.14(C)(4)(a), (b), or (c).

8.

{¶ 14} Accordingly, because the trial court failed to make a finding at the sentencing hearing that R.C. 2929.14(C)(4)(a), (b), or (c) applies, the imposition of consecutive sentences here was contrary to law. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169 ("[F]ailure to make the findings required by R.C. 2929.14(C)(4) and incorporate them into a defendant's sentencing entry renders the sentence contrary to law."). We reverse and remand the matter to the trial court for resentencing. *See Bonnell* at ¶ 37.

{¶ 15} We find Sipperley's first assignment of error well-taken.

### B. Excessive and Otherwise Contrary to Law

{¶ 16} Sipperley also argues that his sentence is excessive and otherwise contrary to law. He argues that the trial court "did not impose the minimum sentence which would effectively rehabilitate [him]," and, therefore, was not guided by the overriding purposes of felony sentencing "as codified by R.C. § 2929.11(A)." He urges that he has taken action to overcome his drug addiction, has availed himself of employability classes, is on a waiting list for vocational classes, and pays child support from his $25 monthly salary.

{¶ 17} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio- 425, ¶ 15, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provides guidance in determining whether a sentence is clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b). In *Kalish*, the Ohio Supreme Court held that where the trial court considers the purposes and principles of sentencing

9.

in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences the defendant within the statutorily-permissible range, the sentence is not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 18} Sipperley entered guilty pleas and was convicted of trafficking in heroin, a violation of R.C. 2925.03(A)(2)(C)(6)(d), a second-degree felony, and having weapons while under disability, a violation of R.C. 2923.13(A)(3), a third-degree felony. Under R.C. 2929.14(A)(2), for a felony of the second degree, "the prison term shall be two, three, four, five, six, seven, or eight years." Under R.C. 2929.14(A)(3)(b), for a felony of the third degree, "the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶ 19} Here, the trial court imposed a prison term of 96 months on the trafficking conviction—i.e., eight years. The trial court was required to impose a sentence stated in terms of years—not months—so this sentence must be corrected on remand; the sentence is otherwise within the statutorily-permissible range. Its sentence of 36 months on the weapons charge is also within the statutorily-permissible range.

{¶ 20} While the trial court did not specifically state that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, it is well-recognized that where the record is silent, there is a presumption that the trial court gave proper consideration to R.C. 2929.11 and 2929.12. *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361

10.

(1988); *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34-35. *See also State v. Seele*, 6th Dist. Sandusky No. S-13-025, 2014-Ohio-1455, ¶ 19 ("While it is true that the trial court did not expressly state in either its judgment entry or during the sentencing hearing that it had balanced the principles and purposes of sentencing against the seriousness of the offense and the likelihood of recidivism under R.C. 2929.11 and 2929.12, we must presume that the trial court gave those statutes proper consideration."). It is up to the defendant to rebut this presumption. *Rutherford* at ¶ 34-35.

{¶ 21} R.C. 2929.11 explains that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 22} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *." It requires that "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) * * * relating to the likelihood of the offender's

11.

recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 23} Here, the trial court emphasized that it considered Sipperley's offenses to be egregious, and it noted that there were weapons and large volumes of drugs found. It informed Sipperley that it had a duty to protect the public from his potential future criminal behavior. While Sipperley indicates that he has taken steps to better himself—which he also explained to the trial court at sentencing—he has not demonstrated that the court did not weigh the required factors in fashioning his sentence.

{¶ 24} Accordingly, we find Sipperley's second assignment of error not well-taken.

### III. Conclusion

{¶ 25} The trial court failed at the sentencing hearing to make the findings required to impose consecutive sentences under R.C. 2929.14(C)(4). We reverse the trial court judgment and remand for resentencing. Sipperley's first assignment of error is well-taken.

{¶ 26} Sipperley has failed to demonstrate that his sentences were excessive or otherwise contrary to law. His sentences were within the statutorily-permissible range and Sipperley has failed to rebut the presumption that the court considered R.C. 2929.11 and 2929.12. But because the trial court imposed a prison term with respect to the trafficking conviction that was stated in terms of 96 months instead of stated as eight

12.

years—contrary to R.C. 2929.14(A)(2)—we order the trial court to correct this error on remand.

{¶ 27} We reverse, in part, and affirm, in part, the November 18, 2019 judgment of the Sandusky County Court of Common Pleas. We remand this matter for resentencing. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed, in part,<br>
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.        _____

                   JUDGE

Christine E. Mayle, J.

                  _____

Gene A. Zmuda, P.J.         JUDGE

CONCUR.

                  _____

                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.