[Cite as *State v. Smith*, 2021-Ohio-150.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

 Andrew Smith

      Appellant

Court of Appeals No. WD-19-082

Trial Court No. 2019CR0088

**DECISION AND JUDGMENT**

Decided: January 22, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**MAYLE, J.**

### Introduction

{¶ 1} The defendant-appellant, Andrew M. Smith, appeals the November 14, 2019 judgment of the Wood County Court of Common Pleas, convicting him of three second-degree felonies and sentencing him to a total prison term of 12 years. For the following reasons, we affirm the judgment.

## Background

{¶ 2} On March 7, 2019, Smith was indicted on five counts: rape, in violation of R.C. 2907.02(A)(1)(a) (Count 1); corrupting another with drugs, in violation of R.C. 2925.02(A)(3) and (C)(1), a felony of the second degree (Count 2); illegal use of a minor in a nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1) and (B), a felony of the second degree (Count 3); pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(1) and (C), a felony of the second degree (Count 4); and felonious assault, in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree (Count 5).

{¶ 3} Smith, aged 29, was alleged to have met the victim, aged 15, through an acquaintance. He then spent a week with her at a home located in Perrysburg Township. Between April 20 and April 27, 2018, Smith was alleged to have had sex with the victim "more than two times." He also introduced her to, and injected her with, heroin "approximately 20 times in that week," causing her to become addicted. Smith also infected the victim with Hepatitis C.

{¶ 4} On August 5, 2019, Smith entered a plea of guilty to Counts 2, 3 and 4, in exchange for the state's agreement to dismiss Counts 1 and 5. The trial court accepted Smith's plea, made findings of guilt, ordered the preparation of a presentence investigation report ("PSI"), and continued the matter for sentencing.

{¶ 5} On September 23, 2019, the trial court sentenced Smith to serve six years in prison as to each count, with Counts 3 and 4 to be served concurrently to one another and

2.

Count 2 to be served consecutively to Counts 3 and 4, for a total prison term of 12 years. It also ordered that Smith be classified as a Tier II sex offender. Smith appealed.

{¶ 6} Acting sua sponte, we remanded the case because the trial court's judgment entry failed to dispose of Counts 1 and 5. We ordered the court to issue a final appealable order and, then, for Smith to file an amended notice of appeal. On November 14, 2019, the trial court issued an amended judgment of conviction that incorporated the previous judgment and ordered Counts 1 and 5 dismissed. Smith appealed and assigns the following error for our review:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO O.R.C. 2929.14(C)(4) WAS NOT SUPPORTED BY THE EVIDENCE.

**Law and Analysis**

{¶ 7} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

3.

{¶ 8} Here, Smith argues that the evidence in the record does not support the trial court's decision to impose consecutive sentences under R.C. 2929.14(C)(4), which provides,

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In other words, to impose consecutive sentences, the court must find "(1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c)." (Citations omitted.) *State v. Sipperley*, 6th Dist. Sandusky No. S-19-053, 2020-Ohio-4609, ¶ 9. Moreover, "a trial court must state the required findings as part of the sentencing hearing, * * * [a]nd because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. While the sentencing court is required to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences, it is not required to give reasons explaining the findings. *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 33. However, the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29, citing R.C. 2953.08(G)(2)(a).

{¶ 9} Here, it is clear from the November 14, 2019 judgment entry and the sentencing transcript that the trial court engaged in the appropriate analysis. The judgment entry includes the following findings: that consecutive sentencing "is necessary to protect the public from future crime by the defendant [and] to punish him";

5.

that consecutive sentences "are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public"; and pursuant to Section (C)(4)(c), that "the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." The trial court gave a nearly identical recitation at the sentencing hearing.

{¶ 10} Moreover, although the sentencing court "has no obligation to state reasons to support its findings," it did so in this case. *Bonnell* at syllabus; *see also Kubat* at ¶ 33. That is, with respect to the necessity of protecting the public or punishing the offender, the court cited Smith's "history of criminal convictions." With respect to proportionality, the court cited the "increased seriousness" of Smith's crimes which caused "physical, psychological, and economic harm" to the victim that were "exacerbated" by her "age." It also found that Smith posed a "threat to the community." Finally, with regard to its finding under R.C. 2929.14(C)(4)(c), the court found that Smith's "history of criminal conduct demonstrates that consecutive sentencing is necessary to protect the public from future crime."

{¶ 11} On appeal, Smith argues that the record does not support the trial court's findings that consecutive sentences are necessary to protect the public or punish him, and are not disproportionate to the seriousness of his conduct and the danger he poses to the public. Smith points to his "conscious decision to be forthright" with the police during the investigation and the trial court's own decision to release him on his own

6.

recognizance—so that he could receive inpatient substance abuse treatment—as evidence in support of his view that the "public didn't need to be protected from" him.

{¶ 12} But, as noted by the trial court, the record in this case also contains "alarming and extremely disturbing" details of Smith's conduct. Indeed, at sentencing, the victim's mother provided an impact statement in which she told the court that the defendant—by "injecting [her] daughter with heroin * * * for six days straight" and "giving her hep C"—has "altered her life forever." She likened her daughter's experience "in and out of treatment centers" as a "life sentence." The mother added that she and her husband, the victim's father, share the burden of "keep[ing] [their daughter] clean" which is "very hard * * * for an adult, let alone a child." In addition, the victim's hepatitis—contracted by her exposure to Smith—has caused damage to her liver, requiring medications at a cost of $28,000 per month and which has had the side effect of causing her daughter to experience "severe asthma." As for the psychological toll, mother described her daughter as fearful "[e]ven in the safety of her own home with her parents" and that the victim "still struggles with low self-esteem, depression, [and] anxiety." And, to add insult to injury, Smith had the "audacity" to "put pictures and a video [of the victim] online."

{¶ 13} In addition, the PSI—which the court specifically stated that it had reviewed—details Smith's extensive criminal history, including a 2007 disposition by the Wood County Juvenile Court for sexual battery that resulted in 12 months of confinement at the Ohio Department of Youth Services and multiple convictions as an adult, ranging

7.

from drug possession, to failure to register as a sex offender, to disorderly conduct. Despite being 30 years of age, Smith has very little history of being employed. Instead, Smith admits to spending most of his adult life being "homeless, couch surfing, and feeding [his] addiction," and "continued use of pornography to satisfy his sexual needs." And, despite seeking the services of "at least 36 treatment centers since 2013," Smith's longest period of sobriety is 187 days, which he attained after the indictment in this case.

{¶ 14} We find that this record fully supports the trial court's findings under R.C. 2929.14(C)(4).

{¶ 15} Finally, we reject Smith's claim that the trial court improperly punished him for legal behavior that, he claims, the trial court found to be amoral—including "threesomes" that he engaged in just after "meeting someone at a gas station," having a child with a woman whose last name he "could not remember," and impregnating another woman he had "known [for] a month." The trial court concluded that such "habitual" and "impuls[ive]" behavior demonstrated that Smith posed a "threat [to] future victims." We find no error by the trial court's remarks. Moreover, "[a]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. As discussed, the trial court engaged in the correct analysis, and the record contains ample evidence to supports the trial court's decision to impose consecutive sentences. Accordingly, we find Smith's assignment of error not well-taken.

8.

**Conclusion**

{¶ 16} In imposing consecutive sentences, the trial court engaged in the correct analysis under R.C. 2929.14(C)(4), and the record contains ample evidence to support the trial court's decision. Therefore, we find Smith's assignment of error challenging the imposition of consecutive sentences not well-taken, and we affirm the November 14, 2019 judgment of the Wood County Court of Common Pleas. Smith is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                    JUDGE
Christine E. Mayle, J.

Gene A. Zmuda, P.J.          _____
CONCUR.                                          JUDGE

                                          _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.