[Cite as *State v. Watson*, 2024-Ohio-5532.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                  Court of Appeals No.  WD-23-067

      Appellee                         Trial Court No. 2023 CR 0063

v.

Vince Allen Watson                     **DECISION AND JUDGMENT**

      Appellant                     Decided:  November 22, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Joseph W. Westmeyer, III, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a November 30, 2023 judgment of the Wood County Court of Common Pleas, finding appellant guilty on two counts of importuning, in violation of R.C. 2907.07(C)(1), felonies of the third degree, one count of importuning, in violation of R.C. 2907.07(D)(1), a felony of the fifth degree, and one count of the dissemination of harmful matter to juveniles, in violation of R.C. 2907.31(A)(1), a felony of the fifth degree.  Appellant was sentenced to two, 24-month terms of incarceration on the first two counts, ordered to be served consecutively with one another, and

concurrently with the sentences imposed on the remaining counts, equaling a four-year total term of incarceration, along with a five-year term of post-release control. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Vince A. Watson, sets forth the following sole assignment of error:

"I. The trial court erred in imposing consecutive sentences, as the court did not make appropriate findings under R.C. 2929.14(C)(4)."

{¶ 3} The following undisputed facts are relevant to this appeal. On July 14, 2021, appellant began engaging in a series of prurient electronic communications via Snapchat with his 13-year-old niece. The communications were overtly sexual in nature, explicit in content, and included the transmission of lewd self-pictures and videos. The record shows that during the course of these communications, appellant discussed and envisioned inclusion of the niece's nine-year-old younger sister in the proposed sexual activities. The record further shows that appellant's criminal history includes a prior conviction for the dissemination of harmful matter to juveniles.

{¶ 4} On April 15, 2022, the girl's mother discovered the communications on her daughter's electronic devices and reported them to the Rossford Police Department, who then launched an investigation. The investigating officers took possession of the girl's devices and reviewed the sexual messages and images that had been transmitted from appellant to his niece. When subsequently interviewed during the course of the

2.

investigation, appellant candidly acknowledged transmitting the communications. Appellant stated that he later apologized to his niece and ceased communicating with her.

{¶ 5} On February 16, 2023, appellant was indicted on nine counts of importuning, in violation of R.C. 2907.07, including five felonies of the third degree and four felonies of the fifth degree, and one count of the dissemination of harmful matter to juveniles, in violation of R.C. 2907.31, a felony of the fifth degree.

{¶ 6} On September 26, 2023, pursuant to a voluntary plea agreement, appellant pled guilty to three counts of importuning, in violation of R.C. 2907.07, including two felonies of the third degree and one felony of the fifth degree, and to one count of the dissemination of harmful matter to juveniles, in violation of R.C. 2907.31, a felony of the fifth degree. In exchange, the remaining offenses were dismissed.

{¶ 7} On November 20, 2023, the trial court conducted the sentencing hearing. The trial court classified appellant as a Tier I sex offender based upon the convictions. Appellee declined to make a sentencing recommendation, while counsel for appellant offered a statement in mitigation on appellant's behalf. Counsel for appellant stated,

> This is a difficult set of facts, a difficult case * * * We understand that * * * [We note that] there was never any contact in person between [appellant] and the victim * * * So although there were discussions * * * There's no evidence of a meet-up, no evidence of in-person contact. I recognize that he's not charged with that * * * [Appellant] acknowledged what he did was wrong. He recognizes what he did was wrong.

3.

**{¶ 8}** The trial court ultimately held, in relevant part,

The court does note that there is one factor that suggests that your conduct was more serious. It is that the [familial] relationship between you and the victim facilitated the offenses. There are no factors that suggest that your conduct was any less serious. There are several factors that suggest that recidivism is more likely. At the time of committing this offense you were on community control with Fulton County Eastern District Court. You do have a history of criminal convictions with respect to that. You've not responded favorably to sanctions previously imposed. The court finds that there is no genuine remorse for the offenses * * * You engaged in sexually-oriented communications and shared inappropriate images with your niece who was 13 years old at the time * * * The lack of accountability, the lack of remorse, and the pattern of your behavior. The court notes that you were on community control or probation for the offense of disseminating matter harmful to juveniles in another court * * * The court does find that you are not amenable to community control sanctions and they would demean the seriousness of the offense and its impact on the victims, and that imprisonment is commensurate with the seriousness of your conduct and its impact on the victims, and does not place unnecessary burden on state and local government resources, and is necessary to protect the public from future crime by you * * * The court finds that consecutive sentences are

necessary to protect the public from future crime and to punish you. The court also finds that the consecutive sentences are not disproportionate to the seriousness of the conduct and the danger that you pose to the public. The court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and that the harm caused by two or more of the multiple offenses so committed is so great or unusual that no single prison term for any of the offenses committed as part of this course of conduct adequately reflects the seriousness of the offense and conduct.

{¶ 9} The trial court sentenced appellant to a four-year total term of incarceration, as well as a five-year term of post-release control. This appeal ensued.

{¶ 10} In the sole assignment of error, appellant asserts that the trial court did not make proper R.C. 2929.14(C)(4)(b) findings and, thereby, erred in imposing consecutive sentences. We are not persuaded.

{¶ 11} In support of this appeal, appellant specifically argues that, "Appellant never had physical contact with the alleged victim, nor were there any threats or acts of violence ever made towards the alleged victim or her family * * * [A]s such, there was nothing to support the finding that such offenses were so great or unusual that it warranted consecutive sentences under [R.C. 2929.14(C)(4)](b)."

5.

**{¶ 12}** It is well-established, as set forth by this court in *State v. McIntoush*, 2024-Ohio-2284, ¶ 16, 18 (6th Dist.),

> To impose consecutive sentences, a trial court must make certain findings in both the sentencing hearing and in the sentencing entry. R.C. 2929.14(C)(4). *See also State v. Bonnell*, 2014-Ohio-3177, syllabus; *State v. Sipperly*, 2020-Ohio-4609, ¶ 14 (6th Dist.). The trial court must find: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Beasley*, 2018-Ohio-493, ¶ 252 * * * The trial court need not explain its reasoning for its findings as long as the record contains some evidence to support the trial court's findings. *Bonnell* at ¶ 29. Further, the trial court is not required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. *Id*.

**{¶ 13}** In conjunction, R.C. 2929.14(C)(4) findings include:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section

2929.16, 2929.17, or 2929.18 of the revised code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} In applying these governing legal principles to this appeal, we reiterate that appellant specifically argues that, "Appellant never had physical contact with the alleged victim, nor were there any threats or acts of violence ever made against the alleged victim or her family."  On that basis, appellant claims that the trial court erred in its' R.C. 2929(C)(4)(b) determination that, "The harm caused by two or more of the multiple offenses so committed is so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offenses," in support of the imposition of consecutive sentences in this case.

{¶ 15} This court's *McIntoush* decision provides pertinent guidance to the resolution of this case.  In *McIntoush*, appellant fired his handgun twice into a parking lot, but the shots did not strike anyone.  Accordingly, similarly premised on an argued lack of physical harm or contact, appellant likewise claimed that, "The record contains no

7.

evidence to support a finding that appellant's course of conduct caused great or unusual harm under R.C. 2929.14(C)(4)(b)."

{¶ 16} In overruling appellant's R.C. 2929.14(C)(4)(b)-based consecutive sentence argument in *McIntoush*, this court noted that, regardless of the trial court's disputed R.C. 2929.14(C)(4)(b) finding, the record showed that the trial court had properly made R.C. 2929.19(C)(4)(c) findings regarding appellant's criminal history at sentencing. Accordingly, this court determined in *McIntoush*, ¶ 22,

> [T]he trial court's detailed statement about appellant's criminal history evinces a finding that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him]. *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 16. *Having found that the trial court made appropriate findings under R.C. 2929.19(C)(4)(c), we need not address whether the record supports the trial court's findings under R.C. 2929.14(C)(4)(b). See State v. Gonzales*, 2020-Ohio-4495, ¶46 (6th Dist.). (Emphasis added).

{¶ 17} In the instant case, the record likewise shows that, as was the scenario manifest in *McIntoush,* regardless of the trial court's disputed R.C. 2929.14(C)(4)(b) finding, the trial court properly made R.C. 2929.19(C)(4)(c) findings, holding during sentencing, in relevant part, that,

> At the time of committing this offense you were on community control with Fulton County Eastern District Court. *You do have a history of criminal*

8.

*convictions with respect to [these types of offenses] * * * The lack of accountability, the lack of remorse, and the pattern of your behavior. The court notes that you were on community control or probation for the [same] offense of disseminating matter harmful to juveniles in another court, and the specific communications themselves * * * The court finds that consecutive sentences are necessary to protect the public from future crime.* (Emphasis added).

{¶ 18} Accordingly, we find that the record shows that the trial court's sentencing findings about appellant's criminal history properly constituted an R.C. 2929.14(C)(4)(c) determination that his history of criminal conduct demonstrated the necessity of consecutive sentences in order to protect the public from future crime by him. Thus, as in *McIntoush*, we need not address the trial court's disputed R.C. 2929.14(C)(4)(b) finding as the propriety of the consecutive sentence imposed in this case is supported by the trial court's proper R.C. 2929.14(C)(4)(c) finding, which satisfies the "one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c)" requirement in support of the imposition of consecutive sentences.

{¶ 19} Relatedly, we note that appellant correctly argues that R.C. 2929.14(C)(4)(a) does not apply to this case. As refenced in the above-quoted trial court sentencing findings, appellant was on probation in Fulton County for a prior dissemination of harmful matter to juveniles conviction at the time of these events. However, the probation resulted from a misdemeanor conviction, and, therefore, it is not

9.

encompassed by R.C. 2929.14(C)(4)(a), which is expressly limited in application to R.C. 2929.16 through R.C. 2929.18 sanctions, all of which are felony sanctions.

{¶ 20} Nevertheless, just as the trial court's proper R.C. 2929.14(C)(4)(c) finding renders R.C. 2929.14(C)(4)(b) considerations moot given satisfaction of the "one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c)" felony sentencing statutory requirement, it likewise does so with respect to R.C. 2929.14(C)(4)(a) considerations.

{¶ 21} In addition to the above, the Ohio Supreme Court recently, definitively addressed the issue of whether the propriety of the imposition of consecutive sentences is potentially undercut in those cases in which the harm inflicted is not physical harm, finding against such arguments.

{¶ 22} In *State v. Glover,* Slip Opinion No. 2024-Ohio-5195, ¶ 54-55, a case akin to both *McIntoush* and the instant case in that the harm inflicted was not physical harm, the court unequivocally held,

> *[T]he Court of Appeals * * * placed less significance on the harms inflicted by Glover than did the trial court.  It did so primarily on the basis that Glover did not inflict physical harm on any of his victims.* 2023-Ohio-1153 at ¶ 101.  (1st Dist.).  *There is no requirement in law, however, that consecutive sentences are only appropriate when an offender inflicts physical harm on his victims.  The legislature could have prescribed such a scheme, but it did not.*  As the sentencing court explained, Glover inflicted lasting harm on his victims-- harm that may well last longer and have more

profound effects than a temporary physical injury. *The Court of Appeals may have disagreed with the trial court's assessment of the magnitude of the harm inflicted by Glover, but this disagreement with the trial court's assessment is far different from concluding that the record clearly and convincingly does not support the trial court's consecutive-sentence findings.*

(Emphasis added).

{¶ 23} The *Glover* court further elaborated, ¶ 59-60,

*[T]he appellate-review statute asks a court of appeals to review whether the record clearly and convincingly does not support the trial court's findings, R.C. 2953.08(G)(2)*; it does not ask the court of appeals to engage in a comparative analysis of other cases * * * *[I]t is the legislature that defines the penalties available for particular crimes * * * the court of appeals is second-guessing the General Assembly as much as it is the trial court * * * the First District Court of Appeals effectively substituted its view for the trial court's.* We reverse its judgment and reinstate the sentences imposed by the trial court.

(Emphasis added).

{¶ 24} Wherefore, upon applying *McIntoush* and *Glover* to this case, we find that appellant has not demonstrated that the record clearly and convincingly does not support

the trial court's imposition of consecutive sentences. The harm inflicted being non-physical does not vitiate the propriety of the imposition of consecutive sentences.

{¶ 25} On consideration whereof, we find appellant's sole assignment of error not well- taken. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

                                           JUDGE

Christine E. Mayle, J.       

                                _____

Gene A. Zmuda, J.                             JUDGE
CONCUR.

                                _____

                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.